IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRY, | No. 2:24-CV-0883-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Here, the Court is unable to conduct the statutory screening process because Plaintiff's complaint is incomplete.  Specifically, page 5-H is missing.  Plaintiff will be required to file a first amended complaint which includes the missing page.  Plaintiff is cautioned that failure to comply with this order may result in dismissal of the action for lack of prosecution.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

3. The Clerk of the Court is directed to forward to Plaintiff the Court's form civil rights complaint by state prisoners.

**Dated:  July 11, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE