IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRY,<br><br>             Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>             Defendants. | No.  2:24-CV-0883-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief.  See ECF No. 5.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is

satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

In his motion for injunctive relief, Plaintiff seeks a court order directing prison officials to allow his use of the copy machine in the jail law library. See ECF No. 5. In the first amended complaint, Plaintiff alleges claims based on excessive force, deliberate indifference to his medical needs, and failure to intervene. See ECF No. 12. Plaintiff seeks compensatory damages. See id. at 15. Here, there is no nexus between the injury claimed in the motion for injunctive relief – lack of access to a copy machine – and the conduct asserted in the amended complaint – various Eighth Amendment violations. For this reason, injunctive relief is not warranted.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 5, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  August 7, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE