IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRY, | No. 2:24-CV-0883-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2    ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3    Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4    McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5    These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6    and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7    Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8    defendants which support the claims, vague and conclusory allegations fail to satisfy this
9    standard. Additionally, it is impossible for the Court to conduct the screening required by law
10   when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff David Perry names the following as defendants: (1) Amies, Correctional Officer at the Rio Consumnes Correctional Center (RCCC), (2) Shandrew, Correctional Officer at RCCC, (3) Adams, Correctional Officer at RCCC; (4) Coppenhagen, Correctional Officer, at RCCC (5) Blevins, Correctional Officer at RCCC, and (6) Sacramento County. See ECF No. 13, pgs. 2-3. Plaintiff contends Defendants used excessive force in Plaintiff's arrest on July 6, 2022, at the Rio Consumnes Correctional Center. See id. at 3. Plaintiff claims the use of excessive force left him with a broken nose, blacked eyes, bruises, abrasions, lumps all over Plaintiff's head, headaches and dizziness possibly from a concussion, back pain, numbness in Plaintiff's fingers and inability to use hands for several days after, as well as nerve damage to Plaintiff's right index finger. See id. Plaintiff also claims emotional distress and mental suffering. See id.

In Plaintiff's first claim, Plaintiff names the following defendants: (1) Amies, (2) Shandrew, (3) Adams, and (4) Sacramento County. See id. at 5. Plaintiff alleges use of excessive force violated his Fourteenth Amendment right to substantive due process. See id. Plaintiff asserts that on July 6, 2022, these defendants used excessive force during an arrest at the Joseph Klevernagel Facility (JKF). See id. Plaintiff contends that while Plaintiff was held down by other deputies, these defendants unlawfully and with malice aforethought battered Plaintiff by means of

force likely to produce great bodily injury. See id. Plaintiff claims these defendants were aware of their use of excessive force and intentionally left out any mention of the violence they inflicted on Plaintiff after the arrest when submitting their report #1027966604. See id. at 6. Plaintiff additionally claims these defendants conspired and came up with the strawman argument that Plaintiff was resisting arrest. See id. Plaintiff asserts the arrest was over, however, and Defendant Amies and Shandrew continued to repeatedly batter Plaintiff after he was already restrained and handcuffed by other deputies. See id. Plaintiff claims CCTV JKF2 and CCTV JKF3 video coverage shows this at 14:51 and 14:53 hours respectively. See id.

Plaintiff asserts the deputies then took Plaintiff into circulation, where Defendant Amies and Shandrew continued to assault Plaintiff while he was held down by deputies Marcum, Vang and Blevins. See id. Plaintiff claims this is shown on CCTV JKF circulation 2 at 14:53 hours, yet these facts were left out of their falsified report #1027966604. See id. Plaintiff contends they battered him until they got tired, at which point he thought they were going to murder him. See id. Plaintiff alleges the deputies then hogtied Plaintiff, lifted, and threw him to the ground in the JKF holding tank #1. See id. Plaintiff asserts the deputies then made sure the cuffs were on as tight as possible, causing Plaintiff's hands and arms to go numb from loss of circulation. See id. Plaintiff claims the use of excessive force left him with a broken nose, blacked eyes, bruises, abrasions, lumps all over Plaintiff's head, headaches and dizziness possibly from a concussion, back pain, numbness in Plaintiff's fingers and inability to use hands for several days after, as well as nerve damage to Plaintiff's right index finger. See id. Plaintiff also claims emotional distress and mental suffering. See id.

Next, Plaintiff contends that, after several hours, the deputies then took Plaintiff from JKF holding tank #1 to the Christopher Boone Facility (CBF) cell 107. See id. at 7. Plaintiff alleges Defendants Adams, Coppenhagen, and others threw Plaintiff to the ground, stepped on Plaintiff's back, and made a mockery of Plaintiff's rights while saying "stop resisting" as an excuse to inflict further violence on Plaintiff. See id. Plaintiff asserts Defendant Coppenhagen bound Plaintiff's foot and nearly broke it while trying to make Plaintiff's toes touch his heel. See id. Plaintiff further asserts Defendant Adams was on Plaintiff's back while holding Plaintiff's arm

3

1  in an armbar and telling Plaintiff to place his arm under his body. See id.

2  Plaintiff claims that, after a few more hours, nurse Alex came by and referred
3  Plaintiff to the hospital after seeing his injuries. See id. Plaintiff asserts that this is when
4  Defendant Adams placed the cuffs on Plaintiff's legs so tightly that Plaintiff could not walk. See
5  id. at 8. Plaintiff contends that Defendant Adams refused to loosen the cuffs and claimed that
6  Plaintiff was refusing to go to the hospital for medical treatment. See id. Plaintiff asserts that this
7  coercion was the reason Plaintiff was not properly treated. See id.

8  Plaintiff further alleges conduct that followed the July 6 incident was part of the
9  "code of silence" to cover up injuries Plaintiff sustained and shield deputies' misconduct. See id.
10 Plaintiff alleges that on August 24, 2022, Plaintiff received the discovery from the incident report
11 #10279666-03 Docket #22 FE 102257, in which Plaintiff had been charged with one count P.C.
12 69 for resisting executive officers, aggravated assault, and two counts of P.C. 243(c) for battery
13 against a police officer. See id. at 9. Plaintiff contends every deputy's statement corroborating the
14 incident intentionally left out the part about Defendants Amies and Shandrew repeatedly kneeing
15 and kicking of Plaintiff's head while Plaintiff was already cuffed and held down by deputies. See
16 id. Plaintiff asserts this customary "code of silence" substantiates the County's unwritten policy
17 the violence and misconduct of other deputies and further proves a failure to intervene. See id.
18 Plaintiff further alleges this intentional decision to leave out the violence inflicted on Plaintiff in
19 the JKF circulation, proved they knew it violated Plaintiff's Fourteenth Amendment right to
20 substantive due process when they used the excessive force. See id at 11.

21 In Plaintiff's second claim, Plaintiff sues Defendant Adams in his individual and
22 official capacities for deliberately denying Plaintiff's medical needs following the physical
23 violence he sustained on July 6, 2022. See id. at 3-4. Plaintiff recites his prior claim against
24 Defendant Adams regarding how Defendant Adams placed the cuffs on Plaintiff's legs so tightly
25 that Plaintiff could not walk and refused to loosen them. See id. at 12. Plaintiff again contends
26 that Defendant Adams used Plaintiff's inability to walk as an excuse to deny Plaintiff medical
27 treatment. See id.
28 / / /

4

1  In Plaintiff's third claim, Plaintiff alleges Defendant Coppenhagen and Blevins violated Plaintiff's Fourteenth Amendment right to substantive due process by failing to intervene. See id. at 13. Plaintiff sues both Defendant Coppenhagen and Blevins in their individual and official capacity. See id. at 14. Plaintiff claims Defendant Coppenhagen failed to stop Defendant Adams's use of excessive force while he was standing on Plaintiff's back and placing Plaintiff in armbars while telling Plaintiff to put his hands under his body. See id. Plaintiff additionally claims Defendant Coppenhagen used excessive force on Plaintiff during a cell extraction in which Plaintiff did not resist and tried to break Plaintiff's foot, which resulted in unbearable pain. See id.

Plaintiff claims Defendant Blevins failed to stop the other deputies use of excessive force at the JKF on July 6, 2022. See id. Plaintiff additionally alleges Defendant Blevins intentionally did not repport the excessive force inflicted on Plaintiff during the arrest or the violence that followed the arrest. See id. Plaintiff asserts Defendant Blevins knew the arrest was over and Plaintiff continued to be battered but chose to turn a blind eye. See id.

## II. DISCUSSION

The Court finds that the allegations in Plaintiff's first amended complaint are sufficient to state potentially cognizable claims against all defendants – except Defendant Sacramento County –arising from the alleges use of excessive force and failure to provide medical care on July 6, 2022. As to Defendant Sacramento County, Plaintiff's allegations are insufficient to proceed.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff's first amended compliant contains no allegations specific to Defendant Sacramento County, let alone allegations of the implementation of a municipal custom, policy, or practice which resulted in violations of Plaintiff's rights on July 6, 2022. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

**Dated: January 28, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE