**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PERRY, | No.  2:24-CV-0883-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| LEVI SHANDREW, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are: (1) Plaintiff's motion for leave to file a supplemental complaint, ECF No. 39; (2) Plaintiff's motion to strike, ECF No. 41; and (3) Plaintiff's motion to compel, ECF No. 42.  Defendants have filed oppositions to all three motions, ECF Nos. 40, 43, and 44.

Turning first to Plaintiff's motion for leave to file a supplemental complaint, the Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See

1

Fed. R. Civ. P. 15(a)(2).  Under Rule 15(d), a party may be permitted to file a supplemental complaint to set out transactions that occurred after the date of the pleading to be supplemented.

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Plaintiff seeks leave to add state law claims arising out of the events alleged in the operative second amended complaint.  See ECF No. 39.  As Defendants note in their opposition, the state law claims Plaintiff seeks to add arise out of events occurring on July 6, 2022, which is the date of the events alleged in the second amended complaint.  See ECF No. 40.  As such, the Court agrees with Defendants that Plaintiff does not properly seek leave to supplement the second amended complaint to allege events which occurred after the second amended complaint was filed on February 13, 2025.  Further, to the extent the Court construes Plaintiff's motion as a motion for leave to amend, Plaintiff has not shown why he could not have alleged his state law claims arising from events occurring on July 6, 2022, when he initiated this action in 2024.  Thus, considering the delay between the time the action was initiated and the date Plaintiff sought leave to amend, Plaintiff is not entitled to leave to amend.  Plaintiff's motion will be denied, both as a motion to supplement and a motion to amend.

Turning next to Plaintiff's motion to strike, Plaintiff seeks an order striking Defendants' opposition to his motion for leave to supplement.  See ECF No. 41.  Under Federal Rule of Civil Procedure 12(f), the Court may strike a pleading under certain circumstances.  Because Defendants' opposition is not a pleading, it is not subject to a motion to strike under Rule 12(f).  Plaintiff's motion to strike will, therefore, be denied.

Finally, the Court addresses Plaintiff's motion to compel. Plaintiff seeks an order directing Defendants to serve responses to requests for production of documents and interrogatories. See ECF No. 42. According to Defendants, Plaintiff's discovery requests were served on January 13, 2026. See ECF No. 44, pg. 2. Defendants sent Plaintiff a letter on March 9, 2026, indicating that no responses would be provided because Plaintiff's discovery requests were directed to non-party County of Sacramento. See ECF No. 44-1, pgs. 5-6. Plaintiff's motion will be denied because Federal Rules of Civil Procedure 33 and 34 governing interrogatories and requests for production of documents provide for such discovery to be served on parties to the action only.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's motion, ECF No. 39, construed as either a motion to supplement or to amend under Rule 15, is DENIED.

2.    Plaintiff's motion to strike, ECF No. 41, is DENIED.

3.    Plaintiff's motion to compel, ECF No. 42, is DENIED.

Dated:  April 14, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3